# NO. 12-24-00141-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *JUSTIN JEREMY MILLER,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Justin Jeremy Miller, acting pro se, filed this original proceeding to challenge Respondent's failure to hold a habeas corpus hearing and issue a writ of habeas corpus.[1] On May 13, 2024, the Clerk of this Court informed Relator that his petition fails to comply with appellate Rules 52.3(a)-(e), (g), and (j)-(k) and 52.7. *See* TEX. R. APP. P. 52.3 (contents of petition); TEX. R. APP. P. 52.7 (record). The notice warned that the petition would be referred to this Court for dismissal unless Relator provided an amended petition before May 24. This deadline expired without Relator filing an amended petition, the record, or other response to this Court's notice.

Generally, a party seeking mandamus relief must bring forward all that is necessary to establish his claim for mandamus relief. *See* TEX. R. APP. P. 52. Texas Rule of Appellate Procedure 52.7 requires the relator to file a record as part of his petition in an original proceeding. TEX. R. APP. P. 52.7. Specifically, a relator must file (1) a certified or sworn copy

---

[1] Respondent is the Honorable Kerry L. Russell, Judge of the 7th District Court in Smith County, Texas. The State of Texas is the Real Party in Interest.

of every document that is material to his claim for relief and that was filed in any underlying proceeding; and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a). It is a relator's burden to provide this court with a record sufficient to establish the right to extraordinary relief. *See **In re Daisy***, No. 12-13-00266-CR, 2014 WL 5577068, at *2 (Tex. App.–Tyler Aug. 29, 2014, orig. proceeding) (mem. op., not designated for publication).

In this case, Relator did not provide a record in accordance with Rule 52.7. Absent a record, we cannot determine whether Relator is entitled to mandamus relief.[2] *See **In re McCreary***, No. 12-15-00067-CR, 2015 WL 1395783 (Tex. App.–Tyler Mar. 25, 2015, orig. proceeding) (per curiam) (mem. op., not designated for publication). Accordingly, we ***deny*** Relator's mandamus petition.

Opinion delivered May 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. *In re Guerrero,* No. 12-21-00100-CR, 2021 WL 3412558, at *1 n.3 (Tex. App.—Tyler Aug. 4, 2021, no pet.) (mem. op., not designated for publication).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2024**

**NO. 12-24-00141-CR**

**JUSTIN JEREMY MILLER,**
Relator
V.

**HON. JUDGE KERRY L. RUSSELL,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Justin Jeremy Miller; who is the relator in appellate cause number 12-24-00141-CR and the defendant in trial court cause number 007-0422-24, pending on the docket of the 7th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on May 13, 2024, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*